# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **CENTRAL TRANSPORT, LLC**, who may be served with process through its registered agent, **COGENCY GLOBAL INC. AT 1601 ELM STREET, SUITE 4360, DALLAS, TX 75201** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 31st day of August, 2021 by Attorney at Law, PAVEL SAVINOV, 1742 ZARAGOZA SUITE A, EL PASO, TX 79936, in this case numbered **2021DCV3129** on the docket of said court, and styled:

**JORGE CHAVARRIA
VS.
JOHN DOE, & CENTRAL TRANSPORT, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 28th day of September, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: NORMA FAVELA BARCELEAU  District Clerk
El Paso County, Texas

By: _____, Deputy
Erica Romero

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."


EXHIBIT A

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition (OCA)**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|------|------|------|------|------|------|------|------|
|      | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
|      |       |     |      |      |      |        |                  |
|      |       |     |      |      |      |        |                  |
|      |       |     |      |      |      |        |                  |
|      |       |     |      |      |      |        |                  |
|      |       |     |      |      |      |        |                  |
|      |       |     |      |      |      |        |                  |

And not executed as to the defendant, _____
_____

The diligence used in finding said defendant, being_____
And the cause of failure to execute this process is: _____
And the information received as to the whereabouts of the said defendant, being _____
FEES—SERVING ____ copy _____ $ _____  _____ Sheriff
                                          _____ County, Texas
Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____,
_____ on the _____ day of _____,
20_____, at _____o'clock ____m. this copy of this instrument.

                                          _____, Sheriff/Agent
                                          _____ County, Texas
                                          By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

(SEAL)

_____
**NOTARY PUBLIC, STATE OF TEXAS**

CAUSE NO. _____

| | | |
|---|---|---|
| JORGE CHAVARRIA, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v.. | § | |
| | § | ___ JUDICIAL DISTRICT |
| JOHN DOE, & CENTRAL TRANSPORT, LLC | § | |
| | § | |
| | § | |
| *Defendants.* | § | EL PASO COUNTY TEXAS |

### Plaintiff's Original Petition and Jury Demand

Plaintiff Jorge Chavarria ("Plaintiff") complains of Defendants John Doe, and Central Transport LLC, (hereinafter referred to by name or as "Defendants") and would respectfully show the Court that:

### I.
### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### II.
### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in El Paso County, Texas.

### III.
### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## IV.
## Parties

4. Plaintiff Jorge Chavarria is an individual who resides in Harris County, Texas.

5. Defendant John Doe is an individual residing in El Paso County, Texas.

6. Defendant Central Transport, LLC. is a company conducting business in Texas. Defendant Central Transport, LLC may be served through its registered agent Cogency Global Inc. at 1601 Elm Street, Suite 4360 Dallas, Texas 75201.

## V.
## Facts

7. This lawsuit is necessary as a result of personal injuries that the Plaintiff received on or about May 11, 2021. At that time, Plaintiff was traveling on his motorcycle in the far left lane of Gateway Boulevard in El Paso County, El Paso, Texas. Subsequently, Defendant John Doe, who was driving a fully loaded tractor trailer, made an unsafe lane change and violently struck Plaintiff. The violent impact caused Plaintiff to be thrown off his motorcycle and onto the concrete road. Defendant John Doe fled the scene of the crash and did not leave any identifying information. As a result of the crash, Plaintiff suffered bodily injuries for which Defendants are responsible.

## VI.
## Negligence of Defendant John Doe

8. Defendant John Doe committed acts of omission and commission, which constituted negligence. Such negligence was a proximate cause of the occurrence in question, the severe injuries, and the resulting damages of Plaintiff for which Defendant is legally responsible. Defendant was a proximate cause of the crash. Defendant is negligent as outlined in the paragraph below and such allegations are incorporated by reference as if set forth fully herein.

9. Plaintiff alleges that Defendant John Doe was negligent in one or more of the following manners:

    a. Failed to control vehicle's speed;

    b. Failed to operate the vehicle safely;

    c. Failed to keep a proper lookout;

    d. Failed to timely apply brakes;

    e. Failed to take proper evasive action;

    f. Failed to make a safe lane change;

    g. Failed to yield the right of way; and

    h. Violations of the Texas Transportation Code.

10. Defendant's acts of omission and commission, which constituted negligence was a proximate cause of Plaintiff's injuries.

## VII.
## Negligence of Central Transport, LLC

11. Defendant Central Transport, LLC committed acts of omission and commission, which constituted negligence and negligence *per se*. Such negligence and negligence *per se* was a proximate cause of the occurrence in question, the severe injuries the Plaintiff sustained, and the resulting damages for which Defendant Central Transport LLC is legally responsible.

12. Plaintiff further alleges that Defendant Central Transport, LLC. was negligent in one or more of the following manners:

    a. Failure to explain and demonstrate its safety policies and procedures to Defendant John Doe;

    b. Failure to provide the necessary training to Defendant John Doe regarding the driving of the company vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding

the proper and safe operation of a vehicle and the maintenance of vehicle in various situations;

c. Failure to properly train its drivers;

d. Failure to properly train its employees, including Defendant John Doe regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances;

e. Failure to provide and/or require regular follow-up driver education and training;

f. Failure to establish an adequate safety program;

g. Failing to adequately supervise its drivers;

h. Failure to properly qualify its drivers;

i. Failure to establish adequate policies and/or adequately enforce policies for its drivers, including a policy for traveling at a safe speed, in a safe manner, and with vigilance;

j. Negligently entrusting the vehicle to its employee/driver;

k. Negligently hiring, supervising, and retaining its employee/driver who was an unqualified, an incompetent, and a careless driver;

l. Failure to monitor Defendant John Doe to make sure that he was complying with policies and procedures;

m. Failure to interview and test Defendant John Doe to make sure he had read, was familiar with, understood, and followed the company policies and procedures;

n. Failure to document and make a determination regarding fault in the collision made the basis of this suit;

o. Failure to supervise Defendant John Doe to ensure that he was keeping the company vehicle properly maintained;

p. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## VIII.
### *Respondeat Superior* Liability

13. At the time of the collision, Defendant John Doe, the employee/driver of Defendant Central Transport, LLC was acting within the course and scope of his employment in the furtherance of

4

his respective employer's business. Therefore, pursuant to the doctrine of *respondeat superior*, Defendant Central Transport, LLC is responsible for its respective employee's/driver's negligence.

## IX.
## Negligent Entrustment

14. Defendant Central Transport LLC, their agents, successors, and assigns, were guilty of negligent and/or gross negligent entrustment, in that it knew, or should have known, that Defendant John Doe, its employee/driver, was a reckless driver given his driving history and other factors. This negligent entrustment was a proximate cause of the collision in question and the personal injuries and other damages sustained by Plaintiff. To the extent Defendant John Doe failed to ask, investigate, and/or apprise itself of Defendant John Doe's driving history, such acts and/or omissions constitute negligence that were a proximate cause of the collision, injuries, and damages as set forth in this petition.

## X.
## Gross Negligence of Defendants

15. Plaintiff shows that the conduct, acts, and omissions of Defendant John Doe and Defendant Central Transport LLC, their agents, successors, and assigns, acting individually and jointly, constitute gross negligence as that term is defined in law. As a result, Plaintiff is entitled to an award of exemplary damages against Defendants their agents, employees, successors, and assigns (when viewed objectively from each Defendant's standpoint at the time of the conduct) involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants and their agents, employees, successors and assigns were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff therefore, seeks exemplary damages against Defendants.

## XI.
## Damages

16. By virtue of the actions and conduct of the Defendants set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

   a. Past and future medical expenses;

   b. Past and future pain, suffering and mental anguish;

   c. Past and future physical impairment;

   d. Past and future physical disfigurement;

   e. Past lost wages and future loss of earning capacity.

   f. Property damages (including loss-of-use, cost of repairs, and diminished value).

17. For the above reasons, Plaintiff is entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court as well as pre and post-judgment interest.

## XII.
## Jury Demand

18. Plaintiff hereby demands a trial by jury and pay the appropriate jury fee.

## XIII.
## Rule 193.7 Notice

19. Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## XIV.
## Designated E-Service E-Mail Address

20. The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a):

eservice@thehuynhlawfirm.com. This is the undersigned's only e-service email address, and service through any other email address will be considered invalid.

## XV.
## Required Disclosures

21.    Pursuant to Texas Rules of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XVI.
## Prayer

For the above reasons, Plaintiff prays that he obtains judgment against Defendants with interest on the judgment at the legal rate, pre-judgment interest, costs of court, and for such other relief, both in law and equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**THE HUYNH LAW FIRM, PLLC**

*/s/ Paul Savinov*
PAVEL "PAUL" SAVINOV
SBN: 24086698
psavinov@thehuynhlawfirm.com
SARAH Y-NHI HUYNH
SBN: 24092558
shuynh@thehuynhlawfirm.com
OSCAR A. GONZALEZ
SBN: 24120250
ogonzalez@thehuynhlawfirm.com
6100 Corporate Drive, Suite 110
Houston, Texas 77036
Tel.: (281) 702-8128
Fax: (281) 712-7170
E-Service E-mail: eservice@thehuynhlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

El Paso County - 384th District Court

Filed 10/12/2021 4:13 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV3129

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

384TH JUDICIAL DISTRICT

| | |
|---|---|
| JORGE CHAVARRIA, § § Plaintiff, § § v. § § JOHN DOE and CENTRAL TRANSPORT, § LLC, § § Defendants. § | Cause No. 2021DCV3129 |

## ORIGINAL ANSWER OF DEFENDANT CENTRAL TRANSPORT, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, CENTRAL TRANSPORT, LLC, and files this Original Answer, and for answer says:

I.

Defendant Central Transport, LLC generally denies all allegations of Plaintiff.

II.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, this Defendant enters a General Denial Answer and places the matters in issue.

III.

This Defendant requests trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Court take notice of this Answer.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79950-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
Email:  rbenavides@mgmsg.com



By: _____
**Raymond Benavides, III**
State Bar No. 00796192

Attorneys for Defendant CENTRAL
TRANSPORT, LLC

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, Raymond Benavides, III, certify that on this 12th day of October, 2021, a true and correct copy of the foregoing document filed electronically with the Clerk of the Court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

eservice@thehuynhlawfirm.com
Pavel "Paul" Savinov, Esq.
Sarah Y-Nhi Huynh, Esq.
Oscar A. Gonzalez, Esq.
Attorneys for Plaintiff
6100 Corporate Drive, Suite 110
Houston, Texas 77036



_____
Raymond Benavides, III

2

0012779-00114/RBEN/1637288